# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES KEOHOKALOLE, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> WARDEN WILLIAMS, et al, ) <br> ) <br> Respondents. ) | 2: 10-CV-0859-KJD-LRL <br><br> **ORDER** |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. The court finds that none of the grounds for relief set forth in the petition have been exhausted in state court and that the petition must therefore be dismissed.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an

1 | unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

3 | (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

5  The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); *Rose v. Lundy*, 455 U.S. 509, 518,

1  102 S.Ct. 1198, 1203 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

2  A petitioner can satisfy the exhaustion requirement by providing the highest state court with "a full and fair opportunity to consider and resolve the federal claims." *Sandgathe v. Maass*, 314 F.3d 371, 371 (9th Cir. 2002), *citing Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995)  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan v. Henry*, 513 U.S. at 365, 115 S.Ct. at 888 (legal basis); *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66, 115 S.Ct. at 888; *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir.1998).

In the present case, petitioner explains in his petition that none of his grounds for relief have been presented to the state courts.  Because the petition contains no exhausted claims, the court lacks jurisdiction and is obliged to dismiss the federal petition immediately. *See, Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001), *cert. denied*, 538 U.S. 949 (2003); *Raspberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006).

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is **DISMISSED** without prejudice to petitioner's right to file a new petition after he has exhausted his state court remedies.  The Clerk of the Court is directed to enter judgment accordingly and to close this case.

DATED:  July 19, 2010

_____
UNITED STATES DISTRICT JUDGE