UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES KEOHOKALOLE,  )
         Petitioner,  )    2:10-cv-0859-KJD-LRL
                         )
vs.  )
                         )    **ORDER**
WARDEN WILLIAMS, *et al.*,  )
         Respondents.  )

        This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss. (ECF No. 13). Petitioner has opposed the motion. (ECF No. 19.) There is no reply. Also before the court is petitioner's *ex parte* motion for the appointment of counsel. (ECF No. 22.)

        **I. Background and Procedural History**

        On May 11, 2007, the State of Nevada charged petitioner with the following counts: (1) battery with the use of a deadly weapon resulting in substantial bodily harm; (2) stop required on signal of police officer; (3) grand larceny auto; and (4) possession of burglary tools. (Mot. to Dismiss Ex. 3, ECF No. 14.) At his arraignment on May 29, 2007, petitioner entered a plea of not guilty. (*Id*. Ex. 4.) On

November 11, 2007, the State filed an amended information containing the four original charges and allegations that petitioner should be sentenced as a habitual criminal offender pursuant to Nev. Rev. Stat. § 207.010. (*Id*. Ex. 7.) On November 21, 2007, the parties filed a guilty plea agreement with the court in which petitioner pleaded guilty to (1) stop required on signal of police officer and (2) grand larceny auto. (*Id*. Ex. 8.) Additionally, petitioner and the State stipulated to petitioner's adjudication as a habitual criminal, reserving at sentencing the right to argue whether petitioner would receive small or large habitual treatment, the right to argue the length of the sentence, and the right to argue concurrent versus consecutive time. (*Id*.) Petitioner appeared before the court on November 21, 2007 and entered a guilty plea in accordance with the terms of the guilty plea agreement. (*Id*. Ex. 9, at 6-9.)

On January 2, 2008, petitioner appeared before the court for sentencing. (*Id*. Ex. 10.) The court adjudicated petitioner a habitual criminal and sentenced him to eight to twenty years under the small habitual enhancement on each count and ran the sentences concurrent to each other. (*Id*. Ex. 10, at 10.) The court also ordered petitioner to pay restitution. (*Id*.) On January 10, 2008, the court entered a judgment of conviction. (*Id*. Ex. 11.) On January 29, 2008, the court entered an amended judgment of conviction that amended the restitution amount. (*Id*. Ex. 13.)

Petitioner appealed to the Nevada Supreme Court arguing that the court abused its discretion in sentencing him based on the facts of his case and that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. (*Id*. Ex. 14.) In an order issued September 18, 2008, the Nevada Supreme Court affirmed the sentence imposed on petitioner by the trial court. (*Id*. Ex. 16.) Remittitur issued on October 14, 2008. (*Id.* Ex. 17.)

On May 13, 2009, petitioner filed a motion to withdraw as counsel and a motion to modify and/or correct illegal sentence. (*Id*. Ex. 18.) The trial court denied both motions. (*Id*. Ex. 21.) On July 7, 2009, petitioner filed a motion for due process. (*Id*. Ex. 23.) On July 30, 2009, the trial court denied the motion. (*Id*. Ex. 23.)

On August 11, 2009, petitioner, appearing *pro se*, filed a post-conviction habeas corpus petition in state court raising the following grounds for relief:

> Ground 1: Improper Filing of Habitual Criminal Under Nev. Rev. Stat. § 207.016
>
> Ground 2: Habitual Criminal Statute Nev. Rev. Stat. § 207.010 Incorrectly Applied
>
> Ground 3: Ineffective Assistance of Appellate Counsel
>
> Ground 4: Prior Convictions Invalid for Enhancement Purposes Under Nev. Rev. Stat. § 207.010
>
> Ground 5: Abuse of Court's Discretion to Adjudicate Petitioner of Habitual Criminal Statute Nev. Rev. Stat. § 207.010
>
> Ground 6: Stipulation to Habitual Criminal Not Allowed Under Nev. Rev. Stat. § 207.010
>
> Ground 7: Ineffective Assistance of Counsel
>
> Ground 8: Due Process Rights of the Fourteenth Amendment Violated in Petitioner's Post-Conviction Motions

(*Id.* Ex. 25.) On November 16, 2009, the district court issued its findings of fact, conclusions of law, and order. (*Id.* Ex. 28.) The district court denied the petition and found that because of petitioner's guilty plea grounds one, two, four, five, and six were not cognizable in a habeas proceeding. (*Id.*) On May 7, 2010, the Nevada Supreme Court issued an order denying petitioner's appeals on the order denying the motion to modify and/or correct and the order denying the habeas corpus petition. (*Id.* Ex. 29.) The Nevada Supreme Court addressed on the merits of petitioner's arguments pertaining to ineffective assistance of counsel. (*Id.*) However, the court stated:

> To the extent that [petitioner] raised any of the underlying claims discussed in this section independent from his claims of ineffective assistance of appellate counsel, those claims fell outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. NRS 34.810(1)(a).

(*Id.*, at 4.) Additionally, the court held that under NRS 34.810(1)(a), petitioner's eighth ground for relief was not a permissible claim in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based on a guilty plea. (*Id.*, at 7.) Remittitur issued on June 1, 2010.

Petitioner filed a petition for writ of habeas corpus in this court on August 13, 2010. (ECF No. 8.) Petitioner asserts the following grounds for relief:

3

Ground 1: Improper Filing of Habitual Criminal Under Nev. Rev. Stat. § 207.016

Ground 2: Habitual Criminal Statute Nev. Rev. Stat. § 207.010 Incorrectly Applied

Ground 3: Ineffective Assistance of Appellate Counsel

Ground 4: Prior Convictions Invalid for Enhancement Purposes Under Nev. Rev. Stat. § 207.010

Ground 5: Abuse of Court's Discretion to Adjudicate Petitioner of Habitual Criminal Statute Nev. Rev. Stat. § 207.010

Ground 6: Stipulation to Habitual Criminal Not Allowed Under Nev. Rev. Stat. § 207.010

Ground 7: Ineffective Assistance of Counsel

Ground 8: Due Process Rights of the Fourteenth Amendment Violated in Petitioner's Post-Conviction Motions

(*Id*.)  Respondents move to dismiss grounds one, two, four, five, six, and eight because they are procedurally defaulted. Additionally, respondents argue that grounds one, two, four, five, and six fail to present federal claims.

Before turning to the merits of respondents' motion, the court addresses two arguments raised by petitioner in opposition to the motion to dismiss.

**II.  Petitioner's Opposition to the Motion to Dismiss**

Petitioner argues that the court's November 3, 2010 order precludes respondents from filing a motion to dismiss. The court's November 3, 2010 order states that "**[s]uccessive motions to dismiss will not be entertained**." (ECF No. 10) (emphasis in original). Petitioner contends that this statement indicates that the court will not entertain *any* motions to dismiss. On the contrary, the court's admonition pertains to the filing of multiple motions to dismiss. The instant motion before the court is respondents' first motion to dismiss, and thus, is not precluded by the court's November 3, 2010 order.

Petitioner also argues that respondents' motion is untimely because it was filed three weeks late. On November 3, 2010, the court ordered respondents' to respond to the petition within forty-five days from the date of entry of the order, which was approximately December 16, 2010. On January 11, 2011,

respondents filed a motion for leave to file a late pleading simultaneously with their motion to dismiss. In an order issued January 14, 2011, the court granted respondents' motion for leave after finding that respondents had shown excusable neglect resulting from a calendaring error. Accordingly, even though respondents' motion to dismiss was after the original deadline, because they demonstrated excusable neglect and properly moved the court for leave to file a late pleading, the motion to dismiss is timely. Having determined that respondents' motion to dismiss is properly before the court, the court now turns to the substance of the motion.

### III.  Procedural Default

Respondents argue that grounds one, two, four, five, six, and eight of the petition are procedurally barred.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

> The *Coleman* Court stated the effect of a procedural default, as follows:
>
> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

In this case, petitioner pleaded guilty to (1) stop required on signal of police officer and (2) grand larceny auto. Under Nevada law, the only claims that may be brought in a petition for writ of habeas corpus challenging a judgment of conviction based on a guilty plea are those claims that allege the plea was involuntary or unknowingly entered, or that the plea was entered without effective assistance of counsel. Any other claims are subject to dismissal. Nev. Rev. Stat. § 34.810(1)(a); *Kirksey v. State*, 112 Nev. 980, 923 P.2d 1102 (1996). The Nevada Supreme Court explicitly relied on this procedural bar when it declined to review the claims of the state habeas petition that correspond to grounds one, two, four, five, six, and eight of the federal habeas petition. (Mot. to Dismiss, Ex. 29, at 4, 7). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – Nev. Rev. Stat. § 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, this court finds that the Nevada Supreme Court's holding that grounds one, two, four, five, six, and eight were procedurally barred under NRS 34.810(1)(a) was an independent and adequate ground for the court's dismissal of the state-court petition. Petitioner does not argue otherwise, and does not

present any argument concerning cause and prejudice in his opposition to the instant motion to dismiss. Accordingly, the court grants respondents' motion to dismiss grounds one, two, four, five, six, and eight as procedurally barred.[1]

### IV.  Motion for the Appointment of Counsel

Petitioner moves for the appointment of counsel because of the difficulties he has encountered in representing himself and his limited legal knowledge. (ECF No. 22.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in this case are not especially complex. Moreover, petitioner's papers are sufficiently clear and organized, indicating his ability to adequately present his arguments. Therefore, petitioner's motion for counsel shall be denied.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 13) is **GRANTED** on the basis that grounds one, two, four, five, six, and eight are procedurally barred. Grounds one, two, four, five, six, and eight are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to the petition (ECF No. 8) within **thirty (30) days** from the date of service of this order. The answer shall include substantive arguments on the merits as to each remaining claim in the petition. **No further motions to dismiss will be entertained**. In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

---

[1] Respondents also argue that grounds one, two, four, five, and six fail to raise a federal claim. Because the court finds that these grounds are procedurally barred, it declines to reach this issue.

**IT IS FURTHER ORDERED** that petitioner may file his reply to the answer no later than **thirty (30) days** after being served with the answer.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 22) is **DENIED**.

DATED:  May 17, 2011

_____
UNITED STATES DISTRICT JUDGE