# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES KEOHOKALOLE,

    Petitioner,

vs.

WARDEN WILLIAMS, et al.,

    Respondents.

Case No. 2:10-cv-00859-KJD-VCF

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#8), respondents' answer (#25), and petitioner's reply (#28). The court finds that petitioner is not entitled to relief, and the court dismisses the action.

In state court, petitioner agreed to plead guilty to failure to stop on the signal of a police officer and grand larceny of an automobile; petitioner also agreed to be treated as a habitual criminal. Ex. 8 (#14). The parties retained the right to argue at sentencing, including treatment pursuant to the large or small habitual criminal provisions, the length of the sentence, and concurrent or consecutive time.[1]  Id. The state court adjudicated petitioner a habitual criminal pursuant to the small habitual provision, Nev. Rev. Stat. § 207.010(1)(a), and sentenced him

---

[1] The small habitual criminal provision, Nev. Rev. Stat. § 207.010(1)(a), may apply when a person has been convicted of a felony and has been convicted of felonies two times previously. The large habitual criminal provision, Nev. Rev. Stat. § 207.010(1)(b), may apply when a person has been convicted of a felony and has been convicted of felonies three times previously. The potential sentences for a large habitual criminal adjudication are more severe than the potential sentences for a small habitual criminal adjudication.

concurrent prison sentences with maximum terms of twenty years and minimum terms of eight years. Ex. 13 (#14). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 16 (#14).

Petitioner then filed in state court a motion to modify and/or correct an illegal sentence. Ex. 19 (#14). The state court denied that motion. Ex. 21 (#14). Petitioner also filed in state court a post-conviction habeas corpus petition. Ex. 26 (#14). The state court denied that petition. Ex. 28 (#14). Petitioner appealed the denial of the motion and the denial of the petition. The Nevada Supreme Court affirmed both denials in a consolidated order. Ex. 29 (#14).

Petitioner then commenced this action. This court dismissed grounds 1, 2, 4, 5, 6, and 8 of the petition as procedurally defaulted because the corresponding grounds in the state habeas corpus petition were barred by Nev. Rev. Stat. § 34.810. Order (#23). Grounds 3 and 7 remain.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

-2-

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 131 S. Ct. at 786.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id., at 786-87.

Both grounds are claims of ineffective assistance of counsel. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Strickland expressly declines to articulate specific guidelines for attorney performance beyond generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to advocate the defendant's cause, and the duty to communicate with the client over the course of the prosecution. 466 U.S. at 688. The Court avoided defining defense counsel's duties so exhaustively as to give rise to a "checklist for judicial evaluation of attorney performance. . . . Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Id. at 688-89.

1  Review of an attorney's performance must be "highly deferential," and must adopt counsel's
2  perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight."
3  Strickland, 466 U.S. at 689. A reviewing court must "indulge a strong presumption that counsel's
4  conduct falls within the wide range of reasonable professional assistance; that is, the defendant must
5  overcome the presumption that, under the circumstances, the challenged action 'might be considered
6  sound trial strategy.'" Id. (citation omitted).

7  The Sixth Amendment does not guarantee effective counsel per se, but rather a fair
8  proceeding with a reliable outcome. See Strickland, 466 U.S. at 691-92. See also Jennings v.
9  Woodford, 290 F.3d 1006, 1012 (9th Cir. 2002). Consequently, a demonstration that counsel fell
10 below an objective standard of reasonableness alone is insufficient to warrant a finding of
11 ineffective assistance. The petitioner must also show that the attorney's sub-par performance
12 prejudiced the defense. Strickland, 466 U.S. at 691-92. There must be a reasonable probability that,
13 but for the attorney's challenged conduct, the result of the proceeding in question would have been
14 different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence
15 in the outcome." Id.

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

21 Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (citations omitted).

22 The court turns first to ground 7, which is a claim that trial counsel provided ineffective
23 assistance. Because petitioner pleaded guilty, to establish the element of prejudice in the
24 ineffective-assistance claim, he "must show that there is a reasonable probability that, but for
25 counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill
26 v. Lockhart, 474 U.S. 52, 59 (1985). As respondents note, the Nevada Supreme Court identified the
27 correct governing principles of federal law. See Ex. 29, at 2 (#14).
28

Petitioner's first claim is that counsel's case load was too heavy to provide ineffective assistance. On this issue, the Nevada Supreme Court held:

> Appellant claimed that his trial counsel's case load was too heavy to provide effective assistance and that trial counsel was unprepared and sought multiple delays as a result. Appellant failed to describe what actions trial counsel should have taken during the representation, and thus, he failed to demonstrate that there was a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Trial counsel announced he was ready at calendar call before trial was to begin. Appellant received a benefit by pleading guilty in that he avoided an additional charge of battery with a deadly weapon causing substantial bodily harm. Therefore, the district court did not err in denying this claim.

Ex. 29, at 3 (#14). A claim of ineffective assistance of counsel places the burden on petitioner to demonstrate both deficient performance and prejudice. In this instance, petitioner demonstrated neither. Ground 7 of the federal petition (#8) is a photocopy of the same ground in the state petition, and nowhere does petitioner allege how he suffered from his counsel's heavy case load. The Nevada Supreme Court's determination was a reasonable application of Strickland.

On petitioner's second claim in ground 7, the Nevada Supreme Court held:

> Second, appellant claimed that his trial counsel was ineffective because he was unable to answer questions about discovery and failed to provide advice regarding a possible defense to the charges. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant failed to set forth what questions his counsel was unable to answer about discovery and how this impacted his decision to enter a guilty plea. During the sentencing hearing, trial counsel mentioned having reviewed the discovery. In pleading guilty, appellant acknowledged that trial counsel had discussed possible defenses. Further, as stated above, appellant received a benefit by entry of his guilty plea. Therefore, the district court did not err in denying this claim.

Ex. 29, at 3 (#14). As with the first claim in ground 7, petitioner did not allege any facts showing deficient performance or prejudice, and thus the Nevada Supreme Court reasonably applied Strickland.

On petitioner's third claim in ground 7, the Nevada Supreme Court held:

> Third, appellant claimed that his trial counsel was ineffective for conceding he should be treated as a habitual criminal during the sentencing hearing. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. In entering his guilty plea, appellant stipulated to habitual criminal treatment, but the parties retained the right to argue about whether he should be adjudicated as large or small habitual criminal, the length of the sentence, and whether the sentence should be concurrent or consecutive. There is simply no support in the record for appellant's assertion that trial counsel's argument was without consent given the terms of the plea negotiations. Further, the State noticed and presented proof of 4 prior felony convictions. Although the State argued for large habitual criminal treatment, the district court imposed small habitual criminal treatment and imposed concurrent terms. Appellant failed to demonstrate a reasonable probability of a different

-5-

<blockquote>
outcome at sentencing had trial counsel made any different argument. Therefore, the district court did not err in denying this claim.
</blockquote>

Ex. 29, at 3-4 (#14). The first page of the guilty plea agreement confirms the Nevada Supreme Court's holding. See Ex. 8, at 1 (#14). Counsel argued that petitioner should be treated as a small habitual criminal because petitioner agreed to be treated as a habitual criminal, with the argument over what provision of habitual criminality would apply. The Nevada Supreme Court applied Strickland reasonably.

Ground 3 contains seven claims that petitioner's counsel on direct appeal provided ineffective assistance because counsel did not raise certain claims. Those claims correspond roughly to the grounds that the court has dismissed as procedurally defaulted, plus some of the underlying issues in ground 7. On the first claim, the Nevada Supreme Court held:

<blockquote>
First, appellant claimed that his appellate counsel was ineffective in failing to argue that the State failed to properly file notice of habitual criminality. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced. The State filed an amended information prior to entry of the plea, which included notice of habitual criminality and set forth 4 prior felony convictions. NRS 173.095; NRS 207.016(2). Therefore, the district court did not err in denying this claim.
</blockquote>

Ex. 29, at 5 (#14). The amended information, filed on November 8, 2007, does contain a notice that the prosecution would seek adjudication of petitioner as a habitual criminal, and it listed the prior convictions that the prosecution would use to prove habitual criminality. Ex. 7 (#14). The Nevada Supreme Court reasonably applied Strickland on this issue.

On the second claim, the Nevada Supreme Court held:

<blockquote>
Second, appellant claimed that his appellate counsel was ineffective for failing to argue that only one count could be treated under NRS 207.010. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced. NRS 207.010 permits each count to be treated under its provisions. Therefore, the district court did not err in denying this claim.
</blockquote>

Ex. 29, at 5 (#14). Nevada law allows for an enhanced habitual-criminal sentence for each primary offense. Odoms v. State, 714 P.2d 568, 572 (Nev. 1986). Counsel would have failed if he had raised this issue on direct appeal. The Nevada Supreme Court reasonably applied Strickland on this issue.

On the third claim, the Nevada Supreme Court held:

-6-

> Third, appellant claimed that his appellate counsel was ineffective for failing to argue that he could not stipulate to habitual criminal treatment. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced. There was no error relating to the small habitual criminal adjudication as appellant stipulated in the plea agreement to being sentenced as a habitual criminal, the State amended the information to include notice of its intent to seek habitual criminal adjudication and set forth 4 prior felony convictions, the presentence report described at least two prior felony convictions, the prior felony convictions were presented to the district court and filed as part of the record, and appellant never challenged the existence or constitutional validity of the prior convictions at the sentencing hearing. Hodges v. State, 119 Nev. 479, 484-85, 78 P.3d 67, 70 (2003). Therefore, the district court did not err in denying this claim.

Ex. 29, at 5-6 (#14).[2] Hodges, cited in the Nevada Supreme Court's ruling, overruled the two cases on which petitioner relies for his argument that he could not stipulate to habitual criminal status or to prior felony convictions. Hodges does allow a defendant to stipulate to the existence and validity of prior felony convictions. The amended information and the guilty plea agreement show that this is what petitioner did. See Ex. 7, 8 (#14). Counsel would have failed if he had raised this argument on appeal. The Nevada Supreme Court applied Strickland reasonably.

On the fourth claim, the Nevada Supreme Court held:

> Fourth, appellant claimed that his appellate counsel was ineffective for failing to argue that it was an abuse of discretion to adjudicate him a habitual criminal because the prior convictions involved stale and non-violent property crimes. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced. NRS 207.010 makes no specific allowance for stale or trivial prior felony convictions. See Tillema v. State, 112 Nev. 266, 271, 914 P.2d 605, 608 (1996). Therefore, the district court did not err in denying this claim.

Ex. 29, at 6 (#14). Given that there is no limitation on the use of stale or trivial felony convictions, counsel would have failed with this issue if he had raised it on direct appeal. The Nevada Supreme Court reasonably applied Strickland.

On the fifth claim, the Nevada Supreme Court held:

> Fifth, appellant claimed that his appellate counsel was ineffective for failing to argue that the district court did not make a decision it was just and proper to adjudicate him a habitual criminal. Appellant filed to demonstrate that appellate counsel was deficient or that he was prejudiced. The district court considered the arguments of the parties and the prior convictions were presented for the court's review. Appellant had a sufficient number of

---

[2] Although the Nevada Supreme Court stated that the prosecution amended the information to include notice of intent to seek habitual-criminal adjudication and to set forth 4 prior felony convictions, the original information also contained the notice of intent and the list of prior felony convictions. See Ex. 3 (#14).

-7-

qualifying prior felony convictions for small habitual criminal treatment. NRS 207.010(1)(a). Therefore, the district court did not err in denying this claim.

Ex. 29, at 6 (#14). The Nevada Supreme Court has held that § 207.010 does not require a sentencing court to determine that it is just and proper to adjudicate a person a habitual criminal. Hughes v. State, 996 P.2d 890, 893-94 (Nev. 2000). Counsel would not have succeeded with this issue if he had raised it on direct appeal. The Nevada Supreme Court reasonably applied Strickland on this issue.

On the sixth claim, the Nevada Supreme Court held:

> Sixth, appellant claimed that his appellate counsel was ineffective for failing to argue that the district court erred in denying him a motion to continue for him to consider the plea negotiations. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced. The district court allowed appellant time to consult with his counsel off the record when the subject of plea negotiations came up at calendar call the day before trial, but the district court did not abuse its discretion in declining to grant more time. Therefore, the district court did not err in denying this claim.

Ex. 29, at 6-7 (#14). This was one of the claims that the Nevada Supreme Court incorporated from ground 7, the claim of ineffective assistance of trial counsel. The transcript of the calendar call shows multiple breaks in the proceedings to allow petitioner and his counsel to consult about the plea negotiations. Ex. 9, at 4-6 (#14). Petitioner did not allege any facts showing how further time to consult would have led to a different result. The Nevada Supreme Court reasonably applied Strickland on this issue.

On the seventh claim, the Nevada Supreme Court held:

> Next, appellant claimed that his counsel was ineffective for failing to file his notice of direct appeal and a case appeal statement. Regardless of who filed the notice of appeal and case appeal statement, appellant litigated a direct appeal with the assistance of counsel. Keohokalole v. State, Docket No. 50891 (Order of Affirmance, September 18, 2008). Therefore, the district court did not err in denying this claim.

Ex. 29, at 7 (#14). The Nevada Supreme Court was correct. Appellate counsel did file a fast track statement. Ex. 14 (#14). The Nevada Supreme Court considered and denied his direct appeal on the merits. Ex. 16 (#14). Petitioner was not denied a direct appeal. The Nevada Supreme Court applied Strickland reasonably.

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

Regarding grounds 1, 2, 4, 5, 6, and 8, the court dismissed those grounds because they were procedurally defaulted. Petitioner did not argue that cause and prejudice excused the procedural default. Reasonable jurists would not find the court's dismissal of those grounds to be debatable or wrong, and the court will not issue a certificate of appealability for those grounds.

Regarding grounds 3 and 7, the Nevada Supreme Court was more than reasonable in its decisions that the claims in those grounds lacked merit. This court's review of the record, the applicable statutes, and the case law show that petitioner's claims lack bases in both fact and law. Reasonable jurists would not find this court's determinations to be debatable or wrong, and the court will not issue a certificate of appealability for those grounds.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus (#8) is **DENIED**. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: 12/16/13

KENT J. DAWSON
United States District Judge